**BUTLER v BUCKEYE STATE BLDG & LOAN CO**

Ohio Appeals, 2nd Dist, Franklin Co

No 2557. Decided July 5, 1935

Brown & Buffington,, Columbus, for plaintiff in error.

Wilson & Rector, Columbus, for defendant in error.

siderable length because, in our judgment, they have significance in several particulars. The motion, and in part the answer and cross petition of plaintiff in error is predicated upon §11588 GC, which provides in part that in a foreclosure action the court

"may after a full hearing, and upon such terms and conditions as may be fixed by the court, order that the sale be postponed and that proceedings to enforce the debt or to recover possession be restrained until such a time, not later than the first day of April, 1937, as the court may, in the exercise of its discretion believe to be just and equitable, considering the rights and equities of all parties affected by such order in the light of existing economic conditions but in no event to postpone said sale and/or such proceedings unless the current taxes and the interest due from and after the date of said postponement by said court order shall be paid as due, provided, no sale shall be postponed and no such proceedings had upon a mortgage executed May 18, 1933."

Coming now to the motion, in so far as it is directed to the dismissal of the proceedings in error, because there is no bill of exceptions filed. The motion will be overruled in so far as the procedural requirement is concerned.

The court will look to the pleadings, docket and journal entries to determine whether or not, as is claimed by the plaintiff in error, the error is there exemplified. Upon such examination we find no error.

It will be noted that the action of the trial court would have been justified if predicated upon the sole proposition that the plaintiff in error was estopped to urge his motion because of the recital in the judgment entry that the order of sale had been made and the advertisement thereof directed "with the consent of all counsel of record," among whom was counsel for plaintiff in error.

The necessity of the taking of evidence by the court upon a hearing on the motion, if relief could be granted would seem to follow by reason of the language of the section "after a full hearing." The plaintiff in error grounded his right to the relief sought by the motion upon certain factual claims, namely, that the conditions under which the §11588, GC, could be made operative were existent in the instant action, namely, that "the income of the property will more than take care of the insurance, the interest on plaintiff's claim, the current taxes, and further that the

## OPINION

By HORNBECK, J.

We have recited the chronological procedural steps in the trial court at con-

value of the property is in excess of plaintiff's claim." It is upon these assertions of fact that the relief sought in the motion was predicated. Obviously, the mover having based his right to relief upon assertions of fact, he assumed and it was incumbent upon him to establish these facts or such of them as would cause the statute to operate. There being no bill of exceptions it must be assumed that no evidence was tendered.

The burden was clearly upon the plaintiff in error to establish the assertions of his motion because the court had in the judgment entry determined that the allegations of the petition were true. The petition averred that:

"The defendants have failed and refused to make payment of the said note according to the terms and provisions thereof, and more than three of the monthly installments thereon have become due and remain unpaid, although demand has been made therefor; and have failed and refused to make payment of the said note according said real estate and have permitted the same to become certified delinquent; and accordingly plaintiff has declared and does hereby declare the entire principal sum of said note, together with the accrued interest thereon, to be due and payable."

And further:
"The defendants, Noble R. Rucker and Belva Rucker, are receiving the use, profits and rentals from the said real estate and are refusing to apply any of the same toward the payment of the liens against said property. The market value of said real estate is and will be insufficient to satisfy the tax liens, costs of this case, and the mortgages against it, * * *."

An issue was made upon these averments by the answer and cross-petition of the plaintiff in error. The determination by the court that the averments of the petition were true as of the date of the judgment entry would necessitate an affirmative showing of a change of conditions accruing between the time of said entry and the time when the motion came on for hearing.

It is the claim of the petition in error that plaintiff in error was denied the right to offer any testimony on his motion. However, there is nothing in the record to support this claim and if it were true it should be carried into the record in a judgment entry or by a bill of exceptions signed by the trial court, showing the proffer of testimony and refusal to accept same.

Upon the propositions which we have heretofore discussed, we are satisfied that the order of the trial court refusing to sustain the motion of plaintiff in error was properly made. The judgment will, therefore, be affirmed.

BARNES, PJ, and BODEY, J, concur.

## ON APPLICATION FOR REHEARING

Decided July 30, 1935

By THE COURT
Submitted on application for a rehearing in which it is asserted that this court failed to take cognizance of the fact that there was an affidavit in the record before the trial court.

This no doubt is true, but, as was stated in our original opinion, there is no bill of exceptions authenticated by the trial court and unless and until this is done, or a judgment entry recites the fact we are without authority to consider as evidence in this court any matter which may have been before the trial court but not so authenticated.

The application for rehearing will therefore be overruled.

BARNES, PJ, HORNBECK and BODEY, JJ, concur.